## IN THE UNITED STATES DISTR ICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAHIKA JAMAL WRIGHT** | : | |
| *Plaintiff* | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-5888** |
| | : | |
| **HEAD OF SECURITY AT DRC STEW** | : | |
| *et al.*, | : | |
| *Defendants* | : | |

### M E M O R A N D U M

NITZA I. QUIÑONES ALEJANDRO, J.                                   MARCH 18, 2021

Plaintiff Rahika Jamal Wright, a prisoner currently incarcerated at SCI Houtzdale, filed this civil action pursuant to 42 U.S.C. § 1983, raising claims based on conditions in which he was previously confined. He also seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Wright leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety for failure to state a claim, pursuant to 28 U.S.C § 1915(e)(2)(B)(ii), with leave to amend.

## I.      FACTUAL ALLEGATIONS[1]

Wright names three Defendants in his Complaint: (1) the "Head of Security at DRC Stew," who appears to have been head of security at a halfway house operated by Gaudenzia DRC at 3200 Henry Avenue in Philadelphia ("Gaudenzia"); (2) Lt. Brown, identified as a "White Shirt" at SCI Phoenix; and (3) C/O A. Jones, identified as an officer at SCI Phoenix. (ECF No. 1 at 2-3.)[2] The Complaint suggests that Wright was a prisoner at the time of all relevant events, and that he is raising claims based on the conditions under which he was previously confined at Gaudenzia and

---

[1]      The facts set forth in this Memorandum are taken from Wright's Complaint.

[2]      The Court adopts the pagination supplied by the CM/ECF docketing system.

SCI Phoenix.  However, the sparse and general nature of Wright's allegations make it difficult to understand the factual contours of his claims.

Wright alleges that in November 2018, he was "assaulted" at Gaudenzia.  (*Id.* at 3.)  He claims to have sustained injuries to his right femur, pelvis, and hip in connection with the assault. (*Id.* at 4.)  Wright further alleges that he was x-rayed at SCI Phoenix, which revealed he had bone spurs, and that a doctor told him he needed a M.R.I.  (*Id.*)  It is not clear when this x-ray happened relative to the assault or whether this allegation relates the assault.  Wright also claims that he was "sexually harassed repeatedly" when he was placed in a "P.O.C." at SCI Phoenix.  (*Id.*)  Wright also notes that the medical staff at SCI Houtzdale, where he is currently incarcerated, informed him that he has arthritis in his back and spine.  (*Id.*)  It is again unclear how this allegation relates to anything that happened at Gaudenzia or SCI Phoenix.

Wright claims to have experienced "mental anguish, pain & suffering, sexual harassment, [and] cruel & [unusual] punishment." (*Id.*)  He seeks compensatory damages in the amount of $5 million.  (*Id.*)  After filing his Complaint, Wright filed a "Motion for Addendum" in which he appears to clarify that his claims are based upon the Eighth Amendment and Fourteenth Amendment.  (ECF No. 6.)  This Motion does not include any additional factual allegations.

## II.    STANDARD OF REVIEW

The Court grants Wright leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3]  Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies.  This statute requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by

---

[3]    However, as Wright is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act.  *See* 28 U.S.C. § 1915(b).

the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  The Court must "accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff," but disregard "threadbare recitals of the elements of a cause of action, legal conclusions, and conclusory statements" in determining whether a plaintiff has stated a claim.  *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp*, 908 F.3d 872, 878 (3d Cir. 2018) (quotations omitted).  In other words, conclusory allegations do not suffice to state a claim.  *Iqbal*, 556 U.S. at 678.  As Wright is proceeding *pro se*, the Court must construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Importantly, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs."  *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).  In other words, to state a claim for a constitutional violation under § 1983 a plaintiff must allege that each named state-actor defendant violated his constitutional rights.  Wright has not done so here for the following reasons.

### A.    *Events that Occurred at Gaudenzia*

The Court understands Wright to be attempting to bring a claim against the Head of Security at Gaudenzia based on allegation that he was assaulted at that facility.  Wright does not

provide any additional facts in support of this allegation, so the Court cannot discern who allegedly assaulted him, what the circumstances of the incident were, how the assault came about, and how the Head of Security was involved.  When presented with a *pro se* complaint, the Court must "apply the applicable law, irrespective of whether a pro se litigant has mentioned it by name." *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 248 (3d Cir. 1999).  While it is possible that Wright is bringing an excessive force claim, failure to protect claim, or some other type of claim against the Head of Security based on this incident, the Court cannot discern the factual contours of the claim with sufficient clarity to apply the applicable law.  *See generally Bracey v. Pennsylvania Dep't of Corr.*, 571 F. App'x 75, 78 (3d Cir. 2014) (*per curiam*) ("To establish a failure to protect claim, inmates must demonstrate that (1) they are 'incarcerated under conditions posing a substantial risk of serious harm'; and (2) the prison official acted with 'deliberate indifference' to their health and safety." (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994))); *Brooks v. Kyler*, 204 F.3d 102, 106 (3d Cir. 2000) ("In an excessive force claim, the central question is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)). In any event, since Wright has not provided any details about what the Head of Security did or did not do that led to a violation of Wright's constitutional rights in the context of this incident, he has failed to state a claim against this Defendant.

>
**B.**      *Events that Occurred at SCI Phoenix*

The Court also understands Wright to be bringing claims against Defendants Brown and Jones, both officers at SCI Phoenix, based on events that took place at that facility.  These claims are also not adequately pled.  Wright notes that he received an x-ray at SCI Phoenix and that he was told he needed a M.R.I.  Deliberate indifference to a prisoner's serious medical needs violates

4

the Eighth Amendment. *See Farmer*, 511 U.S. at 835. However, Wright does not provide any additional facts to suggest his medical care was delayed or denied in a manner indicative of deliberate indifference, nor has he alleged any facts from which it could be inferred that these two non-medical Defendants were involved in or responsible for Wright's medical care.

Wright also claims that he was "sexually harassed repeatedly" when he was placed in a "P.O.C." at SCI Phoenix. (ECF No. 1 at 4.) Wright does not provide any details that would clarify what he means by "sexually harassed," so it is not clear whether he is describing verbal taunts, touching, or serious sexual abuse. This again makes it difficult for the Court to apply the applicable law. *Compare Ricks v. Shover*, 891 F.3d 468, 473 (3d Cir. 2018) ("[P]rison sexual abuse can violate the Constitution.") *with Washington v. Rozich*, 734 F. App'x 798, 801 (3d Cir. 2018) (*per curiam*) ("Verbal harassment of a prisoner, although distasteful, does not violate the Eighth Amendment." (citing *McBride v. Deer*, 240 F.3d 1287, 1291 n.3 (10th Cir. 2001) and *DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000)). Wright also does not allege how Defendants Brown and Jones were personally involved in these events. In other words, he failed to allege what these Defendants did or did not do so as to provide a basis for their liability. In sum, Wright has not stated a plausible basis for a claim against either of these Defendants based on the events at SCI Phoenix.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Wright leave to proceed *in forma pauperis* and dismiss his Complaint in its entirety for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The dismissal of Wright's Complaint is without prejudice to him filing an

amended complaint in this case with more information about the facts giving rise to his claims.[4]
Wright's "Motion to Addendum," which in essence could be understood to ask the Court to apply
the applicable law to the Complaint, is granted, and the Court has applied the most relevant laws
in assessing Wright's claims.  An appropriate Order follows, which provides further instruction
about amendment.


**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

[4]       In his Complaint, Wright mentions that medical staff at SCI Houtzdale informed him that he has
arthritis.  This allegation does not suggest any basis for a constitutional violation, especially against the
named Defendants who do not work at SCI Houtzdale.  Accordingly, it is not clear to the Court that this
allegation was intended to raise a legal claim.  However, in the event Wright sought to pursue claims based
on events at SCI Houtzdale pertaining to his medical care, he should note that SCI Houtzdale is located in
the Western District of Pennsylvania, so he should pursue any such claims in a separate lawsuit filed in that
district.  *See* 28 U.S.C. § 118(c).